UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO RAMOS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5-09-127 |
| | § | |
| CITY OF LAREDO, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment filed by Defendants City of Laredo ("City") and Carlos Villarreal ("Villarreal") (City and Villarreal referred to collectively as "Defendants"). [Dkt. No. 18].[1] After considering the pleadings, responsive filing, and applicable governing law, Defendants' Motion for Summary Judgment is hereby **GRANTED**.

**I. RELEVANT FACTS AND PROCEDURAL HISTORY**

On or about September 20, 2008, plaintiff Roberto Ramos ("Ramos") was suspended from his job as a supervisor at the Traffic Safety Department of the City of Laredo. [Dkt. Nos. 1 at 26; 18 at 2-3]. The decision to suspend Ramos' employment with the city was based on complaints of his stealing gas and falsifying timecards, among other offenses. [Dkt. Nos. 1 at 26; 18 at 2; 18-1 at 22-25]. The City conducted an investigation into the accusations and, at the close of their investigation, the City decided to fire Ramos. Ramos then filed a grievance and received a hearing before the City's Appeal and Grievance Committee, who recommended that

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. The abbreviation "Dkt No." or "Dkt. Nos." (plural) will be used to refer to docket entries in civil case 5:9-cv-127.

Ramos be rehired. The city manager, Villarreal, then overruled the committee's recommendation and upheld the decision to fire Ramos.

On October 1, 2009, Ramos filed a petition in the 49th Judicial District of Webb County, TX, against the Defendants, claiming a violation of his due process rights under 42 U.S.C. § 1983. [Dkt. No. 1 at 26]. On October 29, 2009, the case was removed to the district court based on federal question jurisdiction. [Dkt. No. 1 at 6]. Due to an electronic filing error, the case was initially assigned to a Houston court, but venue was then transferred to this Court to remedy that error. [Dkt. No. 3]. On September 13, 2010, the Defendants filed a motion for summary judgment, the granting of which is the purpose of this order.

## II.     DISCUSSION

In his initial complaint, Ramos contends that he "was denied his rights to Due Process under the 14th Amendment of the United States Constitution, when he was denied review by the Civil Service Commission." [Dkt. No. 1 at 26]. Prior to Ramos being fired, voters in Laredo had voted to establish a "Civil Service Commission" for non-uniformed employees of the city, but, at the time of Ramos' firing, the Commission had yet to be established. In his complaint Ramos claims that the "City of Laredo failed to establish the Civil Service Commission within the time limits specified by State Law" and that this omission robbed Ramos of review by the Commission. [Dkt. No. 1 at 26].

In their motion for summary judgment, Defendants first claim that Villarreal is entitled to qualified immunity and that the claims against Villarreal in his individual capacity should be dismissed as a matter of law. [Dkt. No. 18 at 5]. Defendants then argue that Ramos, as an at-will employee of the city, did not have a property right in his employment; thus, terminating Ramos' employment with the city cannot be construed as depriving Ramos of any type of

property. [Dkt. No. 18 at 5-7]. Defendants further contend that, even if Ramos was being deprived of property when he was fired, he received the process that he was due prior to his firing. Defendants additionally argue that Ramos does not point to an official city policy that denied him access to review by the Civil Service Commission, and consequently, that Ramos has not articulated an actionable § 1983 claim. Ramos has not responded to the Defendants' motion for summary judgment.

## III.   ANALYSIS

### A.   *Standard for Summary Judgment*

The Federal Rules of Civil Procedure provide that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A movant must meet the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those facts which might affect the outcome of the suit in light of the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he burden on the moving party may be discharged by "showing" –that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.

After a properly supported motion for summary judgment has been filed, the non-moving party may oppose the motion with a responsive pleading that sets out specific facts in an attempt to show that a genuine issue exists between the parties and that the case should go to trial. Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if

appropriate, be entered against that party." *Id.* That being said, a nonmoving party's failure to oppose a motion for summary judgment is not, in and of itself, a reason to grant the motion. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Whether or not a response was filed, the court must decide if the movant has met its burden of establishing the absence of a genuine issue of material fact. *Id.* In making this decision, a district court may accept as undisputed the facts in support of an unopposed motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**B.**   *Municipal Employment as Property*

The Fourteenth Amendment to the Constitution prohibits the government from depriving "any person of life, liberty, or property, without due process of law…" U.S. Const. amend. XIV, § 2. In this case, Ramos is claiming that Defendants, acting under the color of state law, deprived him of his employment with the city without affording him the justice-ensuring processes guaranteed by the law. Ramos' claim rests upon the supposition that employment with the City of Laredo is property.

In *Bishop v. Wood*, the Supreme Court held that the existence of a property interest in municipal employment must be determined by reference to state law. 426 U.S. 341, 344 (1976); see also *Moulton v. City of Beaumont* 991 F.2d 227, 230 (5th Cir. 1993). Because Texas is an "employment-at-will" state, "when the term of employment is indefinite and absent a specific contract to the contrary, such employment is terminable at-will and without cause by either party." *Mott v. Montgomery County, Tex.*, 882 S.W.2d 635, 637 (Tex.App.-Beaumont,1994). For a Texas home-rule municipality such as Laredo[2], state law points to the municipality's

---

[2] Section 1.03 Powers of the City
   The City is and shall continue to be a Home Rule City, with full power of local self-government, including the right to amend this Charter as provided by the constitution and laws of this State. It shall have all the powers possible for a Home-Rule City under the constitution and laws of the

charter, ordinances, policies and employment contracts to determine whether the public employment at issue has been modified from the default status of at-will employment. *Saucedo-Falls v. Kunkle*, 299 Fed. Appx. 315, 319-320, 2008 WL 4819990, (C.A.5 (Tex.), 2008).

Ramos has not submitted any evidence of an employment contract or a quasi-contractual agreement (e.g. a city ordinance, or section of the city charter) that would give him a property interest in his employment with the City of Laredo.  The Defendants, on the other hand, provide evidence in their motion for summary judgment that Ramos' employment with the city was, in fact, strictly at-will, and this evidence is undisputed by Ramos. [Dkt. Nos. 18 at 6; 18-1 at 1-2]. Further, the Court takes judicial notice of the fact that the City of Laredo's Code of Ordinances shows that Ramos, during his employment with the City of Laredo, was an employee at-will.[3] Because there is no evidence in the record that Ramos' employment was anything but at-will, the Court finds that Ramos could not have been deprived of property, thus his due process claim fails and Defendants are entitled to summary judgment.

Because the Court's decision on Ramos' status as an at-will employee is dispositive of his due process claim, the Court need not address the other arguments proffered by the Defendants in their motion for summary judgment.

---

State of Texas, as fully and completely as though they were specifically enumerated in this Charter.

City Charter of the City of Laredo, *available at:* http://www.ci.laredo.tx.us/mayor-council/city-charter/charter.pdf (last visited February 4, 2011).

[3] **§ 2-87.16 - Employees are employees at will.**
The provisions of this division do not and shall not affect in any way *the existing and current personnel policy of the city that all employees are employees at will*, and the performance evaluation process required under this division is designed only to enable management to evaluate the work performance of employees pursuant to the standards set for them by the relevant supervisors and department heads and to guide management in determinations of eligibility for merit increases.
*(Ord. No. 90-125, § A.6, 8-20-90; Ord. No. 91-264, § 2, 12-2-91)*

Laredo, Texas, Code of Ordinances, *available at*:
http://library.municode.com/HTML/12258/level4/PTIICOOR_CH2AD_ARTIIDEOFEM_DIV7PEEV.html#PTIICOOR_CH2AD_ARTIIDEOFEM_DIV7PEEV_S2-87.16EMAREMWI  (last visited February 4, 2011) (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Dkt. No. 18] is **GRANTED**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE this 9th day of February, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE